IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a Aetna Casualty and Surety Company), | § § § § | No. 88, 2026 |
| Defendant Below, Appellant, | § § § § | Court Below–Superior Court of the State of Delaware C.A. No. N21C-05-143 |
| v. | § § | |
| SYNGENTA CROP PROTECTION, LLC, | § § § | |
| Plaintiff Below, Appellee. | § § § § | |

Submitted: February 27, 2026
Decided: April 20, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice of appeal from an interlocutory order and the exhibits attached thereto, it appears to the Court that:

(1) Plaintiff below/appellee, Syngenta Crop Protection, LLC ("Syngenta"), sought insurance coverage from defendant below/appellant, Travelers Casualty and Surety Company ("Travelers"), to defend over 10,000 personal injury lawsuits brought by plaintiffs alleging that they had suffered bodily harm because of their exposure to paraquat, Syngenta's herbicide product (the "Paraquat Actions"). Travelers denied coverage, prompting Syngenta to file suit in the Superior Court.

(2)     Relevant to this appeal, Travelers issued two groups of insurance policies to Syngenta.[1]  The first group includes three policies ("Policy Nos. 1–3") that were in effect from September 1974 to 1977 and contain a clause limiting Travelers' liability for bodily injuries caused by pollution (the "Pollution Exclusion").  The second group of policies ("Policy Nos. 4–6" and together with Policy Nos. 1–3, the "Policies") were in effect from September 1977 to September 1980 and do not contain the Pollution Exclusion.  However, Policy Nos. 4–6 contain language that Travelers argued requires the payment of defense costs to erode the limits of liability.  Syngenta moved for partial summary judgment, seeking a determination that Travelers has a duty to defend six specific Paraquat Actions that are broadly representative of the Paraquat Actions (the "Exemplar Actions") under the Policies.  Travelers cross-moved for summary judgment, seeking a determination that (i) it has no duty to defend or indemnify Syngenta for the Paraquat Actions under Policy Nos. 1–3 because of the Pollution Exclusion, and (ii) the payment of defense costs under Policy Nos. 4–6 must reduce the overall policy limits.

(3)     On January 30, 2026, the Superior Court granted Syngenta's motion and granted in part and denied in part Travelers' motion (the "Opinion").[2]  The

---

[1] The parties have stipulated for purposes of the insurance policies at issue that Syngenta is the successor-in-interest to ICI Americas Inc. (f/k/a ICI United States Inc., f/k/a ICI America Inc., f/k/a Atlas Chemical Industries, Inc.).

[2] *Syngenta Crop Prot., LLC v. Travelers Cas. and Sur. Co.*, 2026 WL 461297 (Del. Super. Ct. Jan. 30, 2026).

Superior Court held that the Pollution Exclusion did not relieve Travelers of its duty to defend under Policy Nos. 1–3. But the court agreed with Travelers that "its reimbursement of Syngenta's defense costs reduces the total funds [available] under [Policy Nos. 4–6]."[3] Travelers asked the Superior Court to certify an interlocutory appeal of three rulings included in the Opinion: (i) that the Pollution Exclusion "is properly construed to exclude only coverage from traditional environmental pollution"[4] (the "Pollution Exclusion Ruling"), (ii) that the court did not need to look beyond the Policies and the underlying complaints to determine whether Travelers had a duty to defend (the "Extrinsic Evidence Ruling"), and (iii) that further discovery was not necessary to determine that Travelers was not excused from its duty to defend because of prejudice (the "Further Discovery Ruling"). Syngenta opposed the application. On February 26, 2026, the Superior Court denied Travelers' application.

(4) With regard to the Pollution Exclusion Ruling, the court first found that certification was not warranted because the Opinion had merely interpreted the language of Policy Nos. 1–3, and issues of contract interpretation do not generally constitute a "substantial issue of material importance"—a threshold inquiry under Rule 42. In any event, the court found that the Rule 42(b)(iii) factors cited by

---

[3] *Id.* at *9.
[4] *Id.*

3

Travelers did not weigh in favor of certification: the court's interpretation of the Pollution Exclusion did not involve a question of law resolved for the first time (Factor A), nor did it conflict with other trial court decisions (Factor B).

(5)    Turning to the Extrinsic Evidence Ruling and the Further Discovery Ruling, the court appeared to agree with Travelers that its decision to exclude extrinsic evidence vis-à-vis Travelers' duty to defend and its refusal to delay a ruling on summary judgment to allow Travelers to engage in further discovery were substantial issues of material importance.  Nevertheless, the court did not find that the Rule 42(b)(iii) factors cited by Travelers supported interlocutory review: these rulings did not resolve novel questions of law (Factor A), nor did they did not conflict with other trial court decisions (Factor B).  And the court found that Factor H (the considerations of justice) did not weigh in favor of certification because: (i) the potential prejudice to the parties cut both ways, (ii) the issues resolved by the Opinion could be adequately addressed in a future appeal following a final judgment, and (iii) appellate review at this time "would only narrow some issues for trial." Relatedly, the court observed that Factor G (whether an interlocutory appeal would terminate the litigation) weighed against certification: regardless of the outcome of an interlocutory appeal, the parties would need to litigate coverage under Policy Nos. 4–6, which do not include the Pollution Exclusion.  We agree with the Superior Court's conclusion.

4

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[5] Giving due weight to the Superior Court's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Ruling do not exist in this case,[6] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[7]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[5] Del. Supr. Ct. R. 42(d)(v).
[6] Del. Supr. Ct. R. 42(b)(ii).
[7] Del. Supr. Ct. R. 42(b)(iii).